WILLIAM ALLEN BUTLER, SOLE SURVIVING EXECUTOR OF, ETC., OF ALEXANDER C. MARSHALL, DECEASED, PLAINTIFF, *v.* THE GLEN COVE STARCH MANUFAC-TURING COMPANY, DEFENDANT.

*Negotiable certificates for surplus profits issued to a stockholder — the stockholder may recover the amount thereof on giving security, though the certificate be lost.*

Where a company has declared an extra dividend, and issued negotiable certificates therefor to its various shareholders, such certificates being payable at a time fixed therein, or sooner, at the option of the company, and the company subsequently determines to redeem the same, before the time fixed for their payment, it cannot refuse to pay the amount of a certificate so issued to a stockholder, because he has lost the certificate and is unable to surrender it for cancellation. he company must pay the certificate and protect itself by exacting full indemnity, in analogy to the practice in the case of lost commercial paper.

CONTROVERSY submitted upon an agreed statement of facts, in pursuance of section 1279 of the Code of Civil Procedure.

*Henry O. Chesebro* and *William Arnold*, for the plaintiff.

*O. N. Payne*, for the defendant.

DYKMAN, J.:

On the first day of January, 1865, the defendant declared an extra dividend, upon all the shares of its capital stock, of twenty-five per cent, and issued certificates that the persons named in them, or bearer, was entitled to an extra dividend of twenty-five per cent on the capital stock ($200,000) of the defendant, amounting to ———— dollars, said dividend being a portion of the surplus earnings of the company to January 1, 1865, redeemable April 1, 1870, or sooner, in full or in part, at the discretion of the board of trustees, with interest at seven per cent, payable April first and October first of each year, on presentation of this certificate at the office of the treasurer. This is substantially the form of the certificates which were issued, and filled up with the name of the stockholder to whom they were issued, and with the amount of dividend to which he was entitled, dated and signed by the proper officers of the company, and delivered to the stockholder for whom they were intended.

Alexander C. Marshall, the plaintiff's testator, was a stockholder in said company, at the time of his death, in December, 1859, and one of these certificates was issued to him, or to his executor, as the case states it, which was numbered fifty-five, and dated January 1, 1865, and certified that he was, or they were, entitled for such dividend to the sum of $500, upon the terms already mentioned. This certificate was delivered and retained until the first day of April, 1870, when it was redeemed and canceled, and a new certificate of like form, for the sum of $500, numbered forty-three, and dated April 1, 1870, was issued in its stead, and delivered to C. A. Marshall, who was then one of the acting executors of Alexander C. Marshall. He is now dead and the plaintiff is the only acting executor. Interest was paid on this new certificate down to October 1, 1872.

In April, 1875, the company resolved to redeem this new certificate, with others, by paying the full amount for which they were issued, but this one is lost, and the company declines to pay it for that reason, although the plaintiff has offered to secure the company against loss by reason of its so doing.

This is a submission without action, and we are called upon to decide whether the plaintiff can recover against the defendant on the facts agreed to. We think he can. The physical production of the scrip to the company is not a condition precedent to the right to a recovery. The certificate is not the debt, but only the evidence of it. The liability to pay was created by the resolution to make the extra dividend, in the first instance, and afterwards, the resolve to redeem the same, and the issuing and delivery of certificate number forty-three in its place and stead. The liability of the company to pay exists; one proof of it is gone, but there yet exists abundant evidence of the fact, and the responsibility is not denied. Any rule that would exempt the defendant from payment, in this case, would give immunity to the maker of a promissory note without the physical production of the instrument. Such a result from the loss of an instrument cannot be allowed. It is not required in the interest of justice and would itself work great injustice. In the great multiplicity of papers introduced into business transactions in modern times, it must sometimes happen that some will become mislaid and lost, and it

would be most startling to the business and commercial world if the courts should hold that such loss terminated all rights under the instrument.

It is true this scrip was negotiable by delivery, and it may, by possibility, come to the hands of an honest holder ; but, in view of the lapse of time since its existence was known in October, 1872, that result is quite improbable. At the same time the company ought to protect itself against the worst, and that can be done by exacting full indemnity in analogy to the common practice in cases of lost commercial paper.

The plaintiff is entitled to judgment on the submission.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment for plaintiff on submitted case, with costs.